UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Seth Bonsu,                                          Civil No.: 07-2054 ADM/FLN

        Petitioner,

        v.                                       **REPORT AND
                                                    RECOMMENDATION**

Roy Morrison, Warden,

        Respondent.

_____

Seth Bonsu, *pro se*, for Petitioner.
Lisa D. Kirkpatrick, Assistant United States Attorney, for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Seth Bonsu's ("Petitioner") Petition for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1]. Petitioner claims that he has been wrongly deprived of 27 days "good time credit" pursuant to an allegedly unconstitutional prison disciplinary proceeding. The Respondent has brought a Motion to Dismiss as Moot Petitioner's 28 U.S.C. §2241 Petition [#14] based upon Petitioner's release from federal custody on July 16, 2007. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below this Court recommends that Petitioner's request for Habeas Corpus relief be Dismissed as moot.

## I.  FACTUAL BACKGROUND

Petitioner was serving a 130-month term of imprisonment for federal narcotics convictions. On April 25, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2241 challenging the loss of "good time credit."  <u>See</u> Petition for Writ of Habeas Corpus [#1].  This Court ordered Respondent to Show Cause Why Writ Should Not Be Granted on May 4, 2007 [#3].  Respondent submitted a response [#4] on May 23, 2007.  On July 16, 2007, Petitioner was released from Federal Custody.  (Norenberg Decl. ¶ 3.)  On September 19, 2007, Respondent brought a Motion to Dismiss as Moot Petitioner's 28 U.S.C. §2241 Petition [#14].  Petitioner has not responded to the Respondent's motion.

## II.  DISCUSSION

Petitioner's Petition is now moot.  Under Article III of the Constitution, a federal court may exercise jurisdiction only over a "case or controversy".  A habeas corpus petition will become moot once the prisoner is released from custody unless the petitioner can also demonstrate a collateral consequence of the underlying proceeding.  *See Spencer v. Kemmna*, 523 U.S. 1, 7 (1998).  Where the habeas petition only challenges the continued detention, there is no actual case or controversy for the court to decide because the petitioner is no longer being detained and any order from the court requiring release of such a petitioner would not have any effect.  *See Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998).  Such an opinion would be merely advisory and is not permitted under Article III.

The only issue in Petitioner's Petition is his detention between June 20, 2007, and July 16, 2007.  Since this time has passed, there is nothing for this Court to remedy even if we were to consider the merits of the Petition.  *See Weinstein v. Bradford*, 423 U.S. 147 (1975).  As there is no live case or controversy, the Petition should be Dismissed as moot.

## III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**

that Respondent's Motion to Dismiss as Moot Petitioner's 28 U.S.C. §2241 Petition [#14] be

**GRANTED** and Petitioner's Petition for Habeas Corpus [#1] be **DISMISSED as moot**.


DATED: December 7, 2007                    _s/ Franklin L. Noel_____
                                           FRANKLIN L. NOEL
                                           UNITED STATES MAGISTRATE JUDGE


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 27, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.